UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ISMAEL ALAMO, | : | CIVIL CASE NO. |
|     Plaintiff, | : | 3:21-CV-1587 (JCH) |
| | : | |
| v. | : | |
| | : | |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY, | : | MAY 21, 2025 |
|     Defendant. | : | |

**RULING ON MOTION FOR ATTORNEY'S FEES (DOC. NO. 24)**

**I.   INTRODUCTION**

Ivan M. Katz, ("Attorney Katz"), attorney for Ismael Alamo ("plaintiff"), moves for an award of attorney's fees pursuant to section 406(b) of title 42 of the United States Code.  Attorney Katz seeks $59,742.50, which represents twenty-five percent of the total past due benefits awarded to the plaintiff.  See Motion for Allowance of Attorney's Fees ("Mot. for Atty's Fees") (Doc. No. 24) at ¶ 9.   The Commissioner, in his limited role in this type of proceeding, requests that the court determine the reasonableness of the fee request.  See Response to Plaintiff's Petition for Attorney's Fees Pursuant to Section 406(b) ("Def.'s Resp.") (Doc. No. 26) at 2.  On May 16, 2025, the plaintiff filed a Reply.  Reply (Doc. No. 27).

For the reasons stated below, the Motion for Award of Attorney's Fees (Doc. No. 24) is granted in part.

**II.   BACKGROUND**

Attorney Katz represented the plaintiff in two civil cases before this court.  The first case, 3:18cv210 (JCH), commenced on February 2, 2018.  After full briefing, the court issued a Ruling on September 3, 2019, remanding the case back to the

1

Commissioner. After an unfavorable decision by the Administrative Law Judge, the instant case, 21cv1587 (JCH) was commenced. On May 23, 2022, the plaintiff filed his Motion to Reverse the Decision of the Commissioner (Doc. No. 17), and on July 11, 2022, the Commissioner moved to remand the case under sentence four of 42 U.S.C. § 405(g). See Consent Motion to Remand to Agency (Doc. No. 19). That Motion was granted July 12, 2022, and the case was again remanded to the Commissioner for additional administrative proceedings.

After a hearing on October 26, 2023, a decision was made in favor of the plaintiff finding him to be disabled from August 18, 2012 forward. Mot. for Atty's Fees at ¶ 5.

A "Notice of Award" was issued on April 19, 2025, by the Social Security Administration advising the plaintiff that he was awarded past due benefits in the amount of $238,970.00 beginning February 2013, and that $59,742.50, representing 25% of his total benefits, was withheld for payment of attorney's fees. Notice of Award (Doc. No. 24-1) at 5.

### III.   STANDARD

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled[.]" 42 U.S.C. § 406(b)(1)(A). "The effect of this provision . . . is threefold: it fix[es] a maximum percentage for contingent fees of twenty-five percent; [it] permit[s] recovery of such fees only out of past due benefits; and [it] require[s] court approval for whatever amount of such fees should be paid." Fields v. Kijakazi, 24 F.4th 845, 852 (2d Cir. 2022) (footnote, quotation marks, and citation omitted).

In evaluating a fee application pursuant to section 406(b), "a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case[.]" Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990). As part of the reasonableness analysis, a district court must consider "a) the character of the representation and the result the representative achieved, b) whether a claimant's counsel is responsible for undue delay, and c) whether there was fraud or overreaching in the making of the contingency agreement." Fields, 24 F.4th at 849 (footnote omitted). This determination also requires consideration of whether a requested fee would amount to a "windfall" to the attorney. Id.; see also Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002) ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order."). "In determining whether there is a windfall that renders a [section] 406(b) fee in a particular case unreasonable, courts must consider more than the de facto hourly rate." Fields, 24 F.4th at 854. "Rather, the court should consider the 'ability and expertise of the lawyer' involved, the 'nature and length of the professional relationship with claimant,' the satisfaction of the client, and how uncertain it was that the case would result in an award of benefits." Mary D. v. Kijakazi, 2023 WL 2236909, at *1(D. Conn. Feb. 27, 2023) (quoting Fields, 24 F.4th at 854–55).

"In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." Wells, 907 F.2d at 371. Accordingly, a reduction is appropriate only when [the court] finds the [fee] amount to be unreasonable." Id.

3

## IV.     DISCUSSION

As to the reasonableness of the fee requested, first, Attorney Katz possesses expertise and experience in Social Security disability appeals, regularly appearing in this District on behalf of claimants in such cases.  Second, Attorney Katz spent a total of 81.60 hours representing the plaintiff in both cases before this court, successfully seeking remand in each case.  Expending 81.60 hours to secure such a result is reasonable, as "[c]ourts in the Second Circuit have generally held that a routine social security case requires from twenty to forty hours of attorney time." Jones v. Colvin, 2018 WL 4845744, at *1 n.1 (D. Conn. Oct. 4, 2018) (quotation marks and citation omitted).  Third, the Award of retroactive benefits obtained is substantial, because, inter alia, of the time that passed after the initial ALJ decision, appeal thereof, and a second proceeding at the Social Security Administration.  The second proceeding resulted in yet another appeal, a new case, and ultimately a second remand at the Commissioner's request, requiring a third proceeding before an administrative law judge.  After that third hearing, the plaintiff prevailed, and it was determined that he was indeed entitled to disability benefits beginning in February of 2013, over twelve years ago, and the award is retroactive.  No delay is attributed to Attorney Katz.  The court presumes that the plaintiff is satisfied with Attorney Katz's representation in this case.  Further, plaintiff agreed to the fee of 25% of past due benefits, which is the total plaintiff's counsel would ordinarily receive.  See Retainer Agreement, Mot. for Atty's Fees (Doc. No. 24-2).  In addition, the relationship of Attorney Katz and his client lasted over seven years.  Without counsel's efforts that resulted in two remands, it is likely that this successful outcome would not have been achieved.  Finally, as noted above, the recovery in a

Social Security appeal case is uncertain. Thus, the court finds the amount requested is reasonable and does not amount to a "windfall" to counsel.

## V.   CONCLUSION

For the foregoing reasons, plaintiff counsel's Motion for Award of Attorney's Fees (Doc. No. 24) is granted in part. Attorney Katz is awarded fees in the amount of $51,992.50, which represents 25% of the plaintiff's past due benefits less $7,750.00. This $7,750.00 represents the EAJA fee awarded in civil case 3:18cv210(JCH) which was approved but not yet paid or received.[1] However, in light of the court's Ruling, Attorney Katz must promptly refund the plaintiff $9,250.00, which represents the EAJA award previously paid to him in the instant case. See Alamo v. Kijakazi, 3:21cv1587, Stipulation for Allowance of Fees under Equal Access to Justice Act (Doc. No. 22); see also Rodriguez v. Colvin, 318 F. Supp. 3d 653, 658 (S.D.N.Y. 2018) ("Fee awards may be made under both the EAJA and [section] 406(b), but the claimant's attorney must refund to the claimant the amount of the smaller fee." (quotation marks and citation omitted)). Because the attorney's fees awarded herein are reduced in part (less $7,750.00), when Attorney Katz does receive the $7,750.00 EAJA fee in case number 3:18cv210 (JCH), he is entitled to keep that fee award.

For the sake of clarity, the plaintiff will receive from Attorney Katz a $9,250.00 EAJA "refund" in the instant case and a reduction in 406(b) fee from the Commissioner, in the amount of $7,750.00, a total of $17,000.00. Attorney Katz will receive reduced 406(b) fees in the amount of $51,992.50 and will retain the EAJA fee of $7,750.00 in

---

[1] Although a Stipulation for Attorney Fees, (Doc. No. 31) in the amount of $7,750 was filed in case 3:18cv210(JCH) on October 24, 2019, the court did not act on it or approve it until May 21, 2025, which was the court's oversight.

3:18cv210 (JCH), for a total of $59,742.50, an amount equal to 25% of Mr. Alamo's retroactive benefit. The $9,250.00 EAJA "refund" in the instant case will come out of this sum when paid.

**SO ORDERED.**

    Dated at New Haven, Connecticut this 21st day of May 2025.


                                          /s/ Janet C. Hall
                                          Janet C. Hall
                                          United States District Judge